AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Misael Lopez Rubio<br>YOB: 1999 | ) ) ) ) ) | Case No. **25mj935** |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of __Bernalillo__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) | Possession with Intent to Distribute and Distribution of 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) |
| 21 U.S.C. § 846 | Conspiracy to Commit Drug Trafficking |

This criminal complaint is based on these facts:

Affidavit is attached and incoporated herein.

☐ Continued on the attached sheet.

*Complainant's signature*

Gillian Polinko, DEA Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

Date: April 28, 2025

*Judge's signature*

City and state: Albuquerque, New Mexico    Karen B. Molzen, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| IN THE MATTER OF THE ARREST OF: | Case No. _____ |
|---|---|
| MISAEL LOPEZ RUBIO | |
| YOB 1999 | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Gillian Polinko, a Special Agent with the Drug Enforcement Administration ("DEA"), being duly sworn, hereby depose and state as follows:

**INTRODUCTION AND BACKGROUND OF THE AFFIANT**

1. I make this affidavit in support of the arrest of MISAEL LOPEZ RUBIO (year of birth 1999) (hereinafter "RUBIO"), for violations of:

    a) 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), that being Possession with Intent to Distribute and Distribution of 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and

    b) 21 U.S.C. § 846, that being Conspiracy to Commit Drug Trafficking.

2. I am a Special Agent with the United States DEA, and have been since April 2019. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and to make arrests for criminal offenses, to include those enumerated in 18 U.S.C. § 2516.

3. I graduated from the DEA Basic Agents Training Academy in Quantico, Virginia, after receiving approximately sixteen weeks of specialized narcotics related training. While at the DEA Training Academy I became familiar with how controlled substances are consumed, manufactured, packaged, marketed, and distributed. I received training on surveillance and

1

counter-surveillance operations, undercover ("UC") operations, confidential source ("CS") operations, criminal law, and investigations involving federal electronic surveillance statutes, to include Title III wiretaps, drug identification, search warrant executions, and vehicle stops.

4.     My experience as a Special Agent includes, but is not limited to, conducting surveillance, interviewing witnesses, writing affidavits for and executing search and seizure warrants, conducting extensive toll analyses, debriefing defendants and CSs, and working with undercover agents and informants. I have received training and have experience in the investigation of violations of the federal drug and money laundering laws, including the offenses listed below. As a result, I am familiar with matters including, but not limited to, the means and methods used by drug traffickers and drug trafficking organizations to purchase, transport, store, and distribute illegal drugs and to hide profits generated from those transactions. I have experience in authoring Title III wiretap affidavits, as well as monitoring and conducting surveillance in conjunction with Title III interceptions. I also have experience in analyzing and interpreting drug codes and cryptic dialogues used by drug traffickers. I have also spoken to other law enforcement officers with similar experience.

5.     Prior to my employment with DEA, I was an Intelligence Analyst for the High Intensity Drug Trafficking Area ("HIDTA") Investigative Support Center ("ISC"), which was located within the Albuquerque DEA office. I was an Intelligence Analyst with HIDTA ISC for approximately two years. During my employment, I supported and assisted with several federal, state, and local drug trafficking investigations. I also assisted with several DEA wiretap investigations as an intelligence analyst and was able to learn how a wiretap investigation is conducted prior to starting my career as a Special Agent with DEA.

6. This case is being investigated by the DEA. I have personally participated in the investigation of the offenses described below and make this affidavit based on my participation in the investigation and based on reports and information made available to me by other agents, Task Force Officers, and local law enforcement officers. This affidavit is based upon my personal knowledge, and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Throughout this affidavit, reference will be made to law enforcement officers. Law enforcement officers are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

7. Based on my training, experience, and the facts a set forth in this affidavit, I believe there is probable cause that violations of (1) 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), that being Possession with Intent to Distribute and Distribution of 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and (2) 21 U.S.C. § 846, that being Conspiracy to Commit drug Trafficking; committed by SEDILLO.

8. Because this affidavit is submitted for the limited purpose of securing authorization for a Criminal Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation. This affidavit is intended to show that there is sufficient probable cause for the requested warrant.

**PROBABLE CAUSE**

9. Agents have been investigating the drug trafficking organization ("DTO") of Heriberto Salazar Amaya ("HSA") since approximately August 2024. During the investigation, agents learned that the HSA DTO utilizes commercial storage lockers as stash locations for bulk

narcotics. Agents identified a number of storage lockers utilized by the HSA DTO at the Extra Storage facility located at 4909 Juan Tabo Blvd. NE, Albuquerque, NM 87111. Agents identified Lockers A47 and C83. Agents obtained rental agreement information and access logs, and security footage associated with lockers A47 and C83. According to rental agreements, A47 was rented to HSA and C83 was rented to NAVERRETE. From April 2023 through August 2024, the Extra Space Storage facility at 4909 Juan Tabo was access 462 times utilizing HSA's access credentials for A47. From June 2024 through August 2024, locker C83 was accessed 22 times using NAVERRETE's access credentials. After reviewing footage, agents observed members of the HSA DTO access the areas of lockers A47 and C83, often carrying bags, boxes, and luggage to and from those areas. Around April 22, 2025, agents learned that lockers A47 and C83 were no longer being rented by HSA and NAVARRETE respectively. However, agents obtained rental agreement information from Extra Space Storage indicating that Misael LOPEZ-RUBIO began renting storage Unit B228 since March 10, 2025. After obtaining the rental information, agents reviewed access logs for Unit B228. According to access logs, M. LOPEZ-RUBIO's access credentials were used to access the facility approximately 12 times from March 10, 2025 through April 10, 2025.

10.  Agents reviewed security footage obtained from the Extra Space Storage and observed that on the days following March 10, 2025, LOPEZ-RUBIO and Cesar ACUNA-MORENO[1] accessed the facility multiple times and appeared to transfer a number of boxes and

---

[1] Cesar ACUNA-MORENO has been charged in an indictment, with Count 1: Conspiracy, in violation of 21 U.S.C. § 846; Counts 2, 3 and 9: Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); 18 U.S.C. § 2, Aiding and Abetting; and Count 6: Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi). *See* 25-CR-879 KG.

bins from locker C83 to Unit B228. Agents later confirmed that Unit B228 was rented in LOPEZ-RUBIO's name. On April 7, 2024, ACUNA-MORENO accessed the area of Unit B228. On the same day, agents observed a suspected drug deal in conjunction with intercepted communication. Therefore, agents believe that the HSA DTO is utilizing Unit B228 as a drug stash location.



Figure 1. LOPEZ-RUBIO and ACUNA-MORENO on March 10, 2025, the day the unit was rented in LOPEZ-RUBIO's name.

11. On April 25, 2025, the Honorable Karen B. Molzen, United States Magistrate Judge, authorize a search warrant for storage Unit B228. *See* MR-25-783.

12. On April 28, 2025, DEA agents executed a search warrant for Unit B228 and found approximately 165.5 kilograms of bulk fentanyl pills. A field test resulted in a presumptive positive for fentanyl.



*Figure 2. Fentanyl pills seized from storage Unit B228 on April 28, 2025.*

## CONCLUSION

13.     Based on my training, experience, and the facts a set forth in this affidavit, I believe there is probable cause that violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), that being Possession with Intent to Distribute and Distribution of 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and 21 U.S.C. § 846, that being Conspiracy to Commit drug Trafficking, were committed by LOPEZ RUBIO.

*Gillian Polinko*
Gillian Polinko
Special Agent
Drug Enforcement Administration

6

Subscribed electronically and sworn telephonically before me this  28    day of April, 2025:

_____
KAREN B. MOLZEN
UNITED STATES MAGISTRATE JUDGE